May it please the court Daniel Adler on behalf of Mr. Garcia I'd like to reserve if possible five minutes for rebuttal this is the case thank you this is the case with two consolidated appeals one immigration and one Bivens I'd like to start with the Bivens appeal the most important point is this one Mr. Garcia really isn't asking for much the district court summarily denied his request to proceed in form of pauperous and dismissed his case as frivolous the question for this court is whether that dismissal was appropriate and that's a legal question that this court reviews de novo the bar for affirmance here is exceptionally high it must be beyond doubt that the complaint is meritless and that no amendment could cure its defects the complaint must also be liberally construed especially because it was written pro se as a result of this standard the court routinely reverses summary dismissals at the IFP stage and I would direct the attention to cases like Rodriguez versus Steck and Goody versus INS and the upshot of those cases is that if there's any basis in law in fact for the claim or if there's any basis to suppose that the uh that the plaintiff could allege facts that would survive dismissal then the case has to be reversed and sent back to the district court for a full airing out there as opposed to a summary dismissal and affirmance here this case is in fact like those cases because Mr. Garcia has already stated or at the very least could possibly state in a future complaint a good Bivens claim he's pleaded a prejudicial interference with his constitutional right of meaningful access to the courts there's an extensive body of case law recognizing that right dating all the way back to ex parte hull in 1941 which prohibited the interception or confiscation of legal materials by a prison officer when they were en route to a court this court has held more recently in cases like Silva that prisons can't interfere with the right of access to the courts by for example transferring prisoners around and frustrating their ability to bring claims and the real problem here in Bivens is the vast contraction of Bivens in general in recent years but there's so it may well be that this isn't going to make it as a Bivens claim but the problem is that that is kind of a novel issue no one's looked at it in Bivens there's no Bivens case saying you couldn't have a Bivens action like this right that's correct you're in the long run you can't but that's the long run right okay so so to pick up on what your honor is saying there are different ways that you could dispose of this case and rule from Mr. Garcia on the one hand you could have a very simple ruling along the lines of Rodriguez versus Steck that says simply this case isn't frivolous we're not going to say more about it but we know that it's not frivolous it's not clearly foreclosed by any authority you could also go one step further and say here's the reason why it's not frivolous because there's a clearly established right to meaningful access to the courts and that a model for that sort of opinion would be something like Rizzo versus Dawson and then there's a third route that you could take which would be the most expansive of all and that would be addressing all of the secondary issues that the district court would need to address on remand such as are there special factors counseling hesitation about recognizing a Bivens remedy so the court doesn't have to go all the way down that road it certainly could but at the very least I think the court should issue a summary reversal saying that we know that this isn't frivolous there's a lot more to be said here the district court should say it in the first instance so as I was saying Mr. Garcia has has stated a claim here a claim to right of access to the courts and it's far better than frivolous the basic claim is this he was in ICE detention yes is that is that claim under is the fifth and sixth amendment or should it be under the first and 14th amendments I think it's first and 14th your honor it's the due process clause and the the first amendment right to petition the government for redress of grievances so you would you you would want him to be able to amend this complaint to more expressly state the nature of his claim I think that's right your honor I think I think it could the complaint could be fairly read as it's currently pleaded to already state a Bivens claim but I certainly wouldn't be opposed to instructions to to give Mr. Garcia an opportunity to amend on on remand okay I'm sorry I didn't mean to interrupt you you were saying I have a factual question yes was um as to his claim that he that they should have let him go to the state court I have two factual questions um the um is it right that he wasn't asking this facility or yeah to the to the court he was asking them to let him out the door to get into a sheriff's car to take that was the sheriff for some reason going to take him to the court what how is he going to get to the court I so it's not clear from the complaint your honor and I think either could be fairly read and that brings up a larger question of what sort of claim this is this court's decisions in cases like Silva in particular has drawn a distinction between what they call affirmative access cases on the one hand or affirmative assistance cases and interference cases on the other so if he's saying that I should have transported him all the way to the courthouse that would be a kind of affirmative assistance case like Bounds versus Smith please give me a law library please transport me I don't think you have to read the complaint that way I think the more logical reading is what you just mentioned this idea that they probably just needed to open their gates and have the San Bernardino County Sheriff's Department transport him to court because that's exactly what would have happened if he were in County Lockup the Sheriff's Department and this ICE facility to be clear is in San Bernardino County so really it's it's an interference claim in the sense that all ICE was being asked to do was open its gates and transfer a detainee exactly now that which is another reason the complaints should be amended exactly but here's a bigger question he as I understand it he he eventually got out of ICE detention and he did eventually prosecute his or his tried to get his his state conviction vacated and he failed went all the way to California Supreme Court is that right that's correct so what's his damages so the issue is that he he tried under a novel procedural mechanism which is penal code section 1473.7 his earlier motion was different procedurally it was under penal code section 1018 and the reason why there could still be damages notwithstanding the later denial of his of his argument under 1473.7 is that we know his his 1018 motion was actually granted that's in the record at er 70 the superior court actually granted his motion to withdraw his plea his guilty plea which was the only predicate for his removal order and it was that he if that first time he'd been there he would be he would have gotten vacated that's exactly right and he alleges in his complaint that the only reason why uh the order withdrawing his guilty plea was subsequently rescinded or vacated was that he wasn't personally present in the courtroom and there's some support for that in the record in the in the minutes from the court itself and there's also support in California case law because section 1018 itself and cases interpreting it like johnson versus superior court they squarely provide that he had to be personally present in the courtroom to withdraw his guilty plea so um what is his status now his status now is that he is out on bond he's been out on bond for a few years now he spent approximately five years in ice detention before finally securing a bond and i think he's on an ankle monitor uh at home and he has a an order of removal against him that's correct your honor based on a since withdrawn guilty plea the guilty plea was not withdrawn he he he successfully withdrew it for just a moment before it was reinstated literally the next day all the way back in 2013 because he didn't personally appear correct are there any attempt to vacate this is that right or is that over there are there are no pending proceedings to vacate or withdraw his conviction so what is his what is what is the remedy you're arguing for in the immigration case yes i'll turn to that briefly and the argument there is is really a simple one it's that the bia committed legal error in concluding that he didn't support his motion to reopen with evidence because he did support his motion with evidence in the form of a declaration which was all that he was required to submit and so the argument is that because the bia committed legal error we just don't know whether it would have taken the opportunity to exercise its sua sponte discretion to reopen his proceedings and provide him with relief and so i think the court should remand to the bia under bonilla because the decision was infected with legal error and to be sure if the bia comes back and says we decline to exercise our sua sponte discretion to reopen then that decision would not be reviewable but this decision is but in light of the fact that the that the conviction has definitively not been vacated it's not going to do any good right he has a conviction that precludes his relief so he he does have a conviction that that precludes his relief and i the problem of course here is that we're talking about different timelines right i mean when he brought this claim originally he was still sitting in superior court and trying to assist sorry sitting in ice detention and trying to get to superior court to withdraw his conviction um now it's unclear whether he'll be able to do that i can't say definitively that he doesn't have any means of doing that in the future but right now he does not have any pending uh motions to withdraw or vacate his conviction so whatever mistake you know the board may have made in characterizing this statement of his statement of his it doesn't make any difference at this point well i'm not sure it's right to endorse the harmless error principle here your honor um and i would point the court in the direction it isn't in general disregard but but this is a a a kind of misstatement in the sense that they did consider the the statement they just said it wasn't as brief when it was really in declination well in addition to that your honor in the very same footnote they say that he submitted no evidence so i think they sort of said it twice they didn't just describe it as a brief which if perhaps that were all that were the case here there wouldn't be much of an argument but they also said there's no evidence and so i think it's pretty clear that they made a legal error in that sense and to the extent that in in reviewing an administrative decision the court is stuck with the grounds that are stated in the decision it could be a scenario where it the court is fairly certain that it's not going to change the result and i see that i have only a few minutes left i'll answer your question of course yes well this is just one of those cases where it seems like you just want to unwind the whole thing because it's one mess up after another in terms of how i mean and you know you unwind you can see this case rewind with him getting to go his can withdraw his conviction and not being in this particular predicament at all and i'm just wondering what are the next steps for him to try to unwind what has happened i think that's right your honor this case certainly could have gone very differently if only he had been transported in the first instance or to be more specific made available for transport which is why i think he does have a good divins claim that things might well have gone differently and a jury could certainly so conclude as far as exactly how practically this should go i confess i'm not entirely certain because as you say he does not have a pending motion that doesn't foreclose the possibility of a future motion it also doesn't foreclose the possibility the bia in exercising its supervisory capacity could in some way uh grant him relief i just don't know what could happen in the bia all i do know is where it probably does foreclose a future motion because it would be ratio to kata essentially i mean there were findings made about as i don't we don't actually have the state proceedings i wouldn't mind seeing them but it's my understanding from something that was said somewhere um that um the finding was that he was not not in fact have an effective assistance of counsel that's going to but to be clear i think at least with respect to the bivens claim that does not change the fact that he was successful right but the bivens claim is going to get him to stay in the country money if he's sent back somewhere else theoretically right correct i mean that that's i share judge ward's sense that you know there's really no way we ultimately fix this um can i ask a question please yes your honor uh it sounds to me like with talking about unwinding this and everything that really your remedy that you're really seeking is a remand to allow him to plead a proper bivens action is that am i missing something there well your honor there are two different appeals here one of which is the bivens appeal and the other immigration appeal so in theory the court could remand both to the district court on bivens and to the bia on the immigration appeal so that's how that would look at the very least i agree that that the bivens claim should be remanded to the district court so that it can decide it in the first instance rather than summarily dismissing it and then further i would argue under bonita that the case should be remanded to the bia notwithstanding our inability at present to one last point is the district court treated this as if we're under the prla i assume it isn't is that correct it's not that's correct it's it's not your honor because he was not a prisoner within the meaning of the plra he was instead a civil detainee so the three strikes analysis if you can call it that the checked box was incorrectly checked and and that would not be a basis for all right um thank you miss neiman kelting good morning your honors can you hear me yes thank you may it please the court melissa neiman kelting for the acting attorney general mr garcia has not shown that the board erred in denying his motion to reopen as untimely his sole claim is that the board did not consider his declaration as evidence but this put this puts form over substance where he cannot show that there's any claim that the board overlooked indeed the board specifically addressed his assertions about his pending state criminal court action and reasonably concluded that it could not discern what effect if any those pending proceedings had on his final order of removal because mr garcia has not demonstrated any legal error this court should deny the petition for review here i think it's important to note your honors uh that as was discussed earlier that even though we now have the benefit of a crystal ball to see the end result of what happened with mr garcia's state collateral attack we can look at the pocket of time when the board denied the motion to reopen and discern that there is no legal error in its conclusion it's not a question here of doubting mr garcia's veracity rather it was simply insufficient for even him to meet his reopening burden where all he asserted was that his uh state criminal proceedings remained pending without more there was nothing for the board to do here can you explain to me i mean it looks really bad to me that that i was hearing so that he could withdraw his um guilty plea what is the basis for ice refusing to do that i mean they ice would not cooperate with the state court proceedings in this case i mean i i don't understand it i appreciate your honor's facts underlying mr garcia's requests to be transported to the uh the state court either to quash his bench warrant or uh to withdraw his guilty plea um it did come up the answer to his grievances were generic we do not send people to court period that's what the exactly but uh it is seems to me something that uh cries out for being fixed it's really it was it this was a private facility too i know and i don't know who was making these decisions but there are two grievances in the record uh in which let's see if i can find one i have one er 47 where there's a signature and a name of someone saying you will not be transported to another one and it's another one that says we generically not for transport to court here period didn't say anything about his we just don't do it i appreciate that your honor i respectfully would note that those documents while in the excerpt of proceeding for mr garcia's case appeal those were not submitted to either the immigration court or the board of immigration appeals so the agency had no effort it's not your problem you're standing up here who's i'm the face i understand i mean you are representing the entity that that is responsible for this uh even if not in your case so um it's really fairly outrageous i i can understand the court's frustration um with this case the whole this case is so cop i ask i mean i hate to use that word it's almost uh i don't know it's maybe used too often but this is really a bad spiral of circumstances here because that for that he would have been able to withdraw his guilty plea and then he wouldn't be subject to an order of removal and in home detention with that electronic bracelet on his ankle um it just seems like this is just 180 degrees the wrong result here seem very inexplicable respectfully your honor well he may have been able to withdraw his guilty we don't know beyond we have no way of knowing that what would the outcome would have been even if he had been able to do that um where he stood it wasn't that the conviction was vacated or that the prosecution was going to drop the prosecution and and no longer charge mr garcia he he was in fact charged under 13 51 with possession for sale of heroin and he did sign a plea agreement that he pled guilty and understood the ramifications that accepting that plea would have on his on his status in this country and we don't know because we don't have a crystal ball going the other way if if that had come to fruition and he had been able to withdraw that plea we don't know what would have happened it's it's not a foregone conclusion that he would be subject to any ground and removability let me ask you this counsel what do you think the recourse should be then in this case if any this may be an unfortunate case where there is no satisfying recourse um for mr garcia speaking solely from his immigration perspective um it is true that he remains and stands convicted of a controlled substance conviction that is also deemed to be an aggravated felony which does stand in his way as far as any long-term relief or adjustment in this country so it's me just come down to oh i'm sorry your honor i'm just going to say how about an amendment to the complaint to allow him to plead maybe a proper bivens action i mean he may not get satisfaction there but he could get satisfaction maybe in dollars if if this court determines that he has a case to amend his complaint then certainly it is free to remand for him to do so um but but that is a separate piece obviously from the immigration petition that we're discussing yeah but i appreciate the unsatisfactory nature do you think that do you think that the bia um would be interested in mediating this or or is it just too late because of the criminal conviction well at this point your honor certainly if this panel were interested in the parties exploring opportunity to mediate um the government i have no objection to that um what long-term result i'm i couldn't speculate here as as mr edler also acknowledged but certainly if the court were interested in the parties taking time to explore that opportunity in light of the new priority enforcement memo that is certainly something the government would be willing to do yeah i just it's just he the sympathies with him i mean he's been in the united states over 25 years his mother wife and five children are u.s citizens other than this one conviction he seems to have been law-abiding and the circumstances of the conviction seem i don't know maybe the maybe he wouldn't maybe it would have been prosecuted you know who knows what would have happened but i agree with you on that we don't we can't really know what would have happened that this current equities being it's a very frustrating case i would say i understand that your honor let me go back to the b.i the legal error claim in regards to this matter yes you say that they did consider the fact that uh that he submitted uh the claim that he was saying that he did what proof do you have from the record that shows that the b.i.a. did consider the possibility of a legal error there well your honor i would backtrack a little and i'll answer in two parts the first direct answer to your question is that they quoted specifically from his declaration they quoted the facts that he asserted that his and this is an ar3 of the he did have a grant of his motion to withdraw his guilty plea and that that grant was later vacated so we know that they looked at the declaration what's important to remember and if you go to the declaration itself your honor he submitted multiple copies that all said more or less the same thing the final copy he submitted on july 7th as at ar10 and he did assert that his motion was with to withdraw his guilty plea was granted it was later withdrawn because he was deemed a fugitive because and notably he faulted the state court the state district attorney and his public defender for failing to call him before the and acknowledged that those proceedings were still pending so the board was confined to look at the information that mr garcia submitted which was his motion itself which primarily argued that an intervening change in law resulted in his conviction no longer constituting an aggravated felony that was his primary argument if the board had said nothing else we might be having a conversation but here we have this footnote where they quoted specifically the assertions that he made in his declaration and reasonably concluded they couldn't discern what effect the pending proceedings had on his final order of removal does that answer your question yes okay thank you by the way you're welcome if the court has no further questions i would respectfully ask that they find that the board did not commit any legal error in denying mr garcia's motion to reopen as untimely and deny the petition for review thank you thank you um mr alder i'll give you another minute or so uh thank you your honor um i'll keep it brief so so the first thing i want to mention is that we would absolutely take up the government's offer to put this into mediation perhaps one way to resolve this would be to remand to the bia on the basis of the legal error under bonilla with uh the possibility or instructions that the case should be mediated which we would be happy to do um in addition i just want to point out that the bia did have in front of it mr garcia's motion to withdraw his plea and that was uh at the ar 338 in the record so the bia had in its own administrative record uh everything it needed to see that he was trying to attack the very conviction that was the basis of his guilty plea and my final point is um judge wardlaw i just wanted to echo your comment about er 47 i actually have in my own notes the word kafka s because uh that that sentence the idea that you will be transported um you will only be transported after your appeal is denied suggests that the bi that the the ice is willing and able and ready to transport its detainees but only at the point where it will no longer matter and that's why we think that this case is a suitable candidate uh for a bivens remedy thank you very much thank you counsel um garcia versus wilkinson is submitted um thank you again for the pro bono excellent pro bono arguments um we will take up san joaquin county employees retirement association versus travelers casualty insurance company
judges: Baldock, Wardlaw, Berzon